IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELVIS YEBOAH KUMIH, Petitioner, vs. WARDEN, McCook, et al., Respondents. | 8:26-CV-534 ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody. Filing 1. The petitioner was detained on December 11, 2025, and he alleges that his continued detention is unlawful. *See* filing 1; filing 9 at 4.

This is not his first petition. In case no. 8:26-cv-379, on August 18, 2026, this Court conditionally granted his petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before September, 2026. *Kumih v. Yates*, No. 8:26-CV-379, 2026 WL 2410503 (D. Neb. Aug. 18, 2026). That bond hearing was held and bond was denied. Filing 9 at 5; filing 9-8. The petitioner's appeal from an immigration judge's order of removal to Ghana also pending. Filing 9 at 5.

The petitioner insists that authority to detain him must be found in 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2), because he was previously released on an order of recognizance. *See* filing 1. But the Court previously found that the petitioner was validly terminated from the Alternatives to Detention program because he failed to report for biometric check-ins. *Kumih*, 2026 WL 2410503, at *1. He asserts otherwise, *see* filing 1 at 26, but does not meaningfully controvert the government's evidence, *see* filing 9 at 4. It is also

hardly surprising that an immigration judge court would consider the petitioner a flight risk, given his apprehension at the Canadian border.

To the extent that the petitioner is insisting that outright release, rather than a bond hearing, is the appropriate remedy, the petitioner's argument essentially invites the Court to reweigh the evidence available to the immigration judge. But of course, this Court does not review the immigration judge's decision de novo, or even for an abuse of discretion—this Court doesn't review the immigration judge's decision *at all*. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026). His remedy is with the Board of Immigration Appeals, not this Court. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 28th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge